**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PNC BANK, NATIONAL
ASSOCIATION,

        Plaintiff,

vs.                                        Case No. 6:12-cv-1259-Orl-37KRS

FISH LIPS, INC.; OCEAN GARDEN
105, LLC; MARY E. STEPHENS; and
OCEAN GARDEN ASSOCIATION,
INC.,

        Defendants.

**ORDER**

This cause is before the Court on its own Motion. The Eleventh Circuit has instructed this Court "to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (quoting *Galindo-Del Valle v. Att'y Gen.*, 213 F.3d 594, 599 (11th Cir. 2000)). Here, Plaintiff contends that this Court has jurisdiction pursuant to Title 28 U.S.C. § 1332(a), which provides district courts with subject matter jurisdiction over all civil action in which the matter in controversy exceeds the value of $75,000 and the parties are citizens of different states. The factual allegations of the complaint, however, are deficient with regard to the citizenship of the parties.

First, Plaintiff is identified in the complaint as a national banking association. (Doc. No. 1, ¶ 3.) For the purposes of section 1332(a), the citizenship of national banks is provided by Title 28 U.S.C. § 1348. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). Section 1348 provides that national banks "shall . . . be deemed citizens of the

States in which they are respectively located." As construed by the Supreme Court, this means a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Schmidt*, 546 U.S. at 307. (Doc. No. 1, ¶ 3.) Plaintiff alleges it is chartered in Delaware and its principal place of business is in Pennsylvania. (*Id.*) These allegations do not clearly identify where Plaintiff's main office is located, which is required for this Court to determined Plaintiff's citizenship under section 1348.

Second, the allegations concerning the second Defendant, which is identified in the caption as Ocean Garden 105, LLC, are incomplete. The Court assumes the limited liability company referred to in paragraph 7 of the complaint is Ocean Garden 105, LLC.[1] A limited liability company is a citizen of any state where a member of the company is a citizen. *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir.2004). The complaint does not identify the members of the limited liability company, nor does it contain allegations regarding their citizenship.

Third, the individual Defendant, Mary E. Stephens is alleged to reside in Volusia County, Florida. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). A person is not necessarily a citizen of, or domiciled in, the state in which she resides at any given moment. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Jagiella v. Jagiella*, 647 F.2d 561, 563 (5th Cir. 1981). An allegation regarding a person's residence is not sufficient for this Court to determine that person's citizenship for diversity purposes. S*ee, e.g.*, *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008).

---

[1] The entity identified in that paragraph is Ocean Garden, LLC, however. (Doc. No. 1, ¶ 7.)

2

Fourth, the complaint contains no allegations regarding the citizenship of the fourth Defendant, which is identified in the caption as Ocean Garden Association, Inc.

In view of the above, the Court finds Plaintiff, as the party asserting diversity jurisdiction, has failed to "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor*, 30 F.3d at 1367.

As such, it is ordered as follows:

1. The "Verified Complaint to Foreclose Mortgage And For Other Relief" (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** for want of subject matter jurisdiction;

2. Plaintiff may file, on or before September 14, 2012, an amended complaint that affirmatively alleges facts demonstrating the existence of diversity jurisdiction; and

3. Plaintiff shall provide a copy of this Order to all Defendants.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 29, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record